I must respectfully dissent from the majority opinion.
As stated by the majority, Ronald Coleman and Gullion lived with Mercedes for two years prior to their April 9, 1992 wedding. See Ronald Coleman's deposition at 13 16. After living outside of Mercedes' home for approximately three years, the couple returned to Mercedes' home for a couple of months. See Ronald Coleman's deposition at 15.
Thus, at the time of the accident in April 1997, Gullion had resided in Mercedes' home for less than three years total. And Gullion's most recent stay of a couple months took place approximately two years prior to the accident.[5] Although the majority's recitation of the facts suggests that the couple stayed with Mercedes an additional time prior to the accident, this third stay actually took place over six months after the accident. See Ronald Coleman's deposition at 15-16.
This set of facts does not support a finding that Gullion regularly lived in Mercedes Coleman's household. Thus, pursuant to Nationwide's policy definition, Gullion was not a relative.
The majority incorrectly states that the attorneys stipulated that Gullion was a relative under the terms of the policy; however, Nationwide's counsel actually stated that Gullion is a relative but disagreed that she regularly resided with Mercedes Coleman the second predicate condition under the policy. Thus, Gullion fits the dictionary definition of relative, but does not constitute a relative entitled to coverage under Nationwide's policy.
The majority also suggests that Nationwide's exclusion of non-residential relatives from underinsured motorist coverage is invalid pursuant to Moore v. State Auto. Mut. Ins. Co. (2000), 88 Ohio St.3d 27. However, Moore is silent regarding the validity of uninsured/underinsured motorist provisions which exclude relatives who do not live with the policyholder. Moore involved an insured who sought wrongful death damages after her son, who did not live with her, was killed in an auto accident by an uninsured motorist. The Ohio Supreme Court held that an insured does not have to suffer bodily injury, sickness or disease before it can recover under an uninsured motorist policy. See Id. at syllabus. Thus, Moore does not render the relative provision in Nationwide's policy invalid, and is inapplicable to the case at hand.
Furthermore, even if we assume that Gullion is in fact a relative pursuant to the policy definition, Stafford still cannot recover under the policy. Gullion, the insured, did not have permission from Ronald Coleman to drive the vehicle in question. In fact, Coleman testified in his deposition that Gullion used the set of keys that she had and took the car [from] in front of my mother's. See Ronald Coleman's deposition at 35. He further testified that he requested help from the police in order to retrieve the car from Gullion. See Id.
In reference to the uninsured/underinsured motorists coverage, the policy states that [t]his coverage does not apply to * * * use of any motor vehicle by an insured without the owner's permission. The majority opinion noted this exclusion when it quoted Endorsement 2352 at page 5.
According to Ronald Coleman's deposition testimony, the title to the vehicle in question was in his name. Thus, he was the owner of the vehicle. As Mercedes Coleman's relative, Gullion is an insured; thus, the coverage exclusion applies to her if she took the vehicle without Ronald Coleman's permission.
Therefore, the uninsured/underinsured motorist coverage under which Stafford is trying to recover is not available to him, because Gullion was using the vehicle without the owner's permission.
Accordingly, I would affirm the trial court's decision in favor of Nationwide.
[5] This time frame is only an estimate. The exact dates are not clear from the deposition; however, the couple was married in April 1992, and lived in other residences for approximately three years before returning to Mercedes' home. Thus, it can be assumed that the couple moved back in with Mercedes in the spring of 1995.